Dear Senator Hines:
You have requested the opinion of this office on the following issue:
 Under the provisions of R.S. 39:198D may the contract by the Department of Health and Hospitals, Bureau of Health Services Financing, with UNISYS for fiscal intermediary services be extended beyond its original term in increments of less than twelve months?
It appears that the applicable statute answers this question very explicitly in the negative.
All of Subsection D of R.S. 39:198 deals with contracts for fiscal intermediary services for the processing of claims of health care providers. The provisions of that subsection which deal with the term or length of the contract are excerpted as follows, with language which I consider particularly relevant in bold:
 D. . . . The term of such a contract shall be seventy-two months. In the event special circumstances, as provided in Paragraph (9), necessitate, additional one-year extensions of the contract may be granted. . . . (3) The seventy-two month term of such contract shall be divided into one period of thirty-six months, immediately followed by three successive twelve month periods. The state shall have an option to renew such contract for each of the three twelve-month periods. If the state does not exercise its option to renew, the contract shall be terminated. In the event special circumstances, as provided in Paragraph (9), necessitate, additional twelve-month extensions of the contract may be granted. (4) In addition to other provisions as required by law or in the best interests of the state, such contract shall contain provisions setting forth . . . (d) requirements for termination of the contract by the state at any time, or for cause, or upon the refusal of the state to exercise an option to renew such contract. . . . (9) In the event the Department of Health and Hospitals and/or the United States Department of Health and Human Services, Health Care Financing Administration propose substantial changes in the operations of the Medicaid program that would materially impact the services performed by the fiscal intermediary, the Department of Health and Hospitals may, subject to the approval of the House and Senate Committees on Health and Welfare, approve additional extensions of the contract until such time as it is practical to prepare a solicitation for proposals describing the revised services that would be performed by the fiscal intermediary. . . .
It appears that one of the purposes of this legislation was to dictate to DHH many of the substantive provisions which must be included in any contract for fiscal intermediary services, depriving the officials who might draft the Request for Proposals and the subsequent contract of much of the flexibility to negotiate those matters when arriving at an acceptable agreement with a provider. One of those legislatively dictated requirements is that extensions of the contract beyond its initial thirty-six month term must be in twelve month increments. The reference to "one year extensions" first appears in the introductory paragraph of Subsection D, then appears as "three twelve-month periods" twice in paragraph (3). Therefore, it is our opinion that any extension of this contract must be for a period of twelve additional months, no more and no less.
We would point out that paragraph (4) requires that the contract must include "requirements for termination of the contract by the state at any time". Such a provision of the contract would allow the state to invoke this "termination for convenience" clause to end the contract at any point prior to the end of a twelve month extension, thereby effectively making the extension less than twelve months. However, there are usually contractual requirements which come into play when "termination for convenience" is invoked rather than termination at the end of an extension, so such a choice should be made with caution and after exploration of all the consequences.
I trust that this answers your inquiry. Please do not hesitate to contact me if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/grd